# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2010

No. 09-60497
Summary Calendar

Lyle W. Cayce
Clerk

ROBERTO ABDULIO PORTILLO-RIVAS,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 021 435

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Roberto Abdulio Portillo-Rivas petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) decision to deny his request for asylum and withholding of removal under the Immigration and Nationality Act and relief under the Convention Against Torture (CAT). As an initial matter, because Portillo-Rivas failed to challenge the denial of CAT protection before the BIA, we lack jurisdiction to address the issue. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Portillo-Rivas argues that he is entitled to asylum and withholding of removal because of the likelihood of future persecution on account of his membership in a particular social group. We review the BIA's determination that Portillo-Rivas is not eligible for asylum or withholding of removal under the substantial evidence standard, meaning that we will affirm "unless the evidence compels a contrary conclusion." *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996); *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

Both the BIA and the IJ determined that Portillo-Rivas failed to establish that he had a well-founded fear that he would be persecuted should he return to his native country. The evidence does not compel a contrary conclusion. *See Eduard v. Ashcroft*, 379 F.3d 182, 186 (5th Cir. 2004).

The BIA and IJ also determined that Portillo-Rivas failed to establish that he would be subjected to persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion. Portillo-Rivas has not demonstrated that he is a member of social group protected under 8 U.S.C. § 1101(a)(42). *See Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006).

As Portillo-Rivas has not shown that he is a refugee as defined in § 1101(a)(42), he is not eligible for asylum. *See Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994). Accordingly, he cannot meet the more stringent standard of eligibility for withholding of removal. *See Faddoul v. INS*, 37 F.3d 185, 190 n.7 (5th Cir. 1994).

PETITION FOR REVIEW DENIED.